## Case No. 15,631.

UNITED STATES v. LOUGHERY et al.

[13 Blatchf. 267.] 1

Circuit Court, E. D. New York. March 8, 1876.

TRIAL — TERM OF COURT — JURY—BYSTANDERS — CHALLENGE TO ARRAY—ESCAPE OF DEFENDANT DURING TRIAL.

1. Section 746 of the Revised Statutes provides, that, when a trial has been commenced and is in progress before a jury or the court, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of the court. On the trial of an indictment, after several jurors had been called and challenged, and three had been found competent and sworn, the court, on the last day of the term, directed that the trial proceed on the following day, which was the first day of the succeeding term. It so proceeded, and, after a conviction, it was, on a motion in arrest of judgment, held, that the trial had been commenced and was in progress, although a full jury was not empanelled before the term ended.

2. Section 804 of the Revised Statutes provides, that, when the panel is exhausted, the marshal, by the order of the court, shall return jurymen from the bystanders, sufficient to complete the panel. Under such an order, the marshal summoned as jurymen persons who were not in the court room, or about the court house, when such order was made, or when they were summoned, but they were present in court when they were returned by the marshal as present, and when their names were placed on the panel and their ballots placed in the wheel. Held, that they became bystanders, within the meaning of the statute, when they attended.

[Cited in Patterson v. State, 48 N. J. Law, 386, 4 Atl. 452.]

3. Such objection should have been taken as a ground of challenge to the array, before the polls were drawn, and that it was too late to challenge the array after challenging the polls.

4. If, after the trial of an indictment is commenced, the accused escapes from custody, and, for that reason, his further attendance cannot be had, the trial may proceed in his absence.

[This was an indictment against John S. Loughery and Thomas Loughery.]

Hubert G. Hull, Asst. U. S. Dist. Atty.
Isaac S. Catlin, for defendants.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

BENEDICT, District Judge. The defendants were jointly indicted with one Lewinski for coining. All three were put upon trial together, at the November term. After several jurors had been called and challenged, and three had been found competent and sworn, the panel was found to be exhausted by reason of challenges. The hour being late, on the last day of the term, the court, in pursuance of section 746 of the Revised Statutes, directed that the trial of the cause be continued on the following day, notwithstanding that such following day was the commencement of the December term. The court also directed the marshal to summon talesmen to fill the panel. On the day following, the marshal returned the names of twenty-four persons as in court ready to serve as talesmen. The names of those persons were then placed in the box, and from those ballots names were drawn to complete the jury. Those persons so drawn, as they were called to be sworn in the cause, were each challenged by the prisoners. Upon the trial of such challenge, it was proved, by the oath of each juryman, that he was not in the court room, or about the court house, on the previous day, when the order for talesmen was made, but had been summoned by the marshal to attend, and when so summoned, was not in the court room or about the court house. These challenges were overruled. Thereupon, after the full number of jurors had been sworn, the defendants claimed the right to challenge the array, and to prove by the marshal that the persons summoned by him, in pursuance of the order for talesmen, were not bystanders when so summoned. The challenge to the array was rejected, and the trial proceeded. After the evidence on the part of the government was for the most part completed, and during the night, these two defendants broke jail and escaped from custody. Thereupon, their counsel objected to further proceedings upon the indictment, in the absence of the prisoners. The objection being overruled, the counsel for these defendants withdrew, and the trial proceeded. The jury thereafter found a verdict of guilty against all three accused, and the one still in custody was thereupon sentenced. Subsequently, the prisoners who had escaped were caught and brought into court for sentence, whereupon this motion in arrest of judgment is made, upon the following grounds: First, that there was a mistrial, because the trial was not commenced before a jury or the court at the November term, within the meaning of section 746 of the Revised Statutes, since but three jurymen had been sworn when the term ended, and there was, therefore, no power to continue the trial upon the subsequent day. A jury, it is said, consists of twelve men, and section 746 has no application to a case where a full jury is not impanelled before the term ends. The statute provides, that, when a trial has been commenced, and is in progress, before a jury

or the court, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of the court; and I am of the opinion that the trial of this cause was commenced and in progress at the November term, within the meaning of the statute. When a juryman is sworn in a cause, a trial is commenced—perhaps, when one juryman is drawn from the box. Here, several jurymen had been drawn, challenges had been taken and tried, and three jurymen had been accepted and sworn. Upon these challenges, questions of law had been raised, and objections taken, which formed part of the record. This trial was, therefore, in progress before either the court or the jury, and, as I consider, was in progress before a jury, within the meaning and intent of the act. It was, therefore, lawfully proceeded with, as if another stated term had not intervened.

The next ground upon which an arrest of judgment is asked, arises out of the challenges taken on the second day of the trial. The statute of the United States, section 804 of the Revised Statutes, directs, that, when the panel is exhausted, the marshal, by the order of the court, shall return jurymen from the bystanders, sufficient to complete the panel. In this case, the point taken is, that the persons summoned by the marshal, in pursuance of the order of the court, were not bystanders, because not in court when summoned by the marshal. But, these persons were present in court when they were returned by the marshal as present, and when their names were placed upon the panel, and their ballots placed in the wheel; and the statute is complied with, if the persons returned by the marshal are present in court when so returned. How long they had been present, or how they happened to be present, is of no consequence, provided no fraud or collusion or improper action is suggested. At common law, the duty of selecting jurors belongs to the sheriff, and it would seriously embarrass trials if it were held that, when a panel fails by reason of challenges, and talesmen are ordered, the marshal is bound to return the talesmen from those who happen, at the instant of making the order, to be present in court. There may be no bystanders then present, or all present may be unfit persons, or they may be persons whose presence has been secured by the accused in anticipation of a failure of the panel. "Persons, who are not bystanders in the court, may be summoned as talesmen, for, when they come in, they are bystanders." 5 Bac. Abr. "Juries," p. 337. The statutes of 6 Geo. IV. c. 50, § 37, provided that tales be named by the sheriff of the "able men of the county then present." Under that statute it was held not to be necessary that the tales should be selected out of persons accidentally present, but that they might be selected out of persons whose presence the sheriff had taken previous measures to obtain. Bac. Abr. "Juries." See, also, State v. Lamon, 3 Hawks, 179. I

am, therefore, of the opinion, that it formed no valid ground of objection to the persons placed upon the panel on the second day of the trial, they being present in court when returned by the marshal, and when their names were placed in the box, that, at the time they were notified by the marshal to be present in court on that day, they were elsewhere than in the court room or the court house. Whether they could be compelled to attend is another question, but, when they did attend, they became bystanders, within the meaning of the statute. It would seem further, that this objection was taken too late. The fact relied on, if of any effect, constituted a ground of challenge to the array, and the point should have been raised by challenging the array before any of the tales were drawn. 5 Bac. Abr. "Juries," pp. 345, 352. Here, the point was first taken as a ground of principal challenge to the polls. After a challenge to the polls it was too late to challenge the array.

The next ground relied upon is, that the accused were not present during the whole of the trial and when the verdict was rendered. But, the absence of the accused does not affect the proceedings, when it arises from the fact that, after the trial commenced, the accused escaped from custody, and his attendance cannot, for that reason, be had. The right of these defendants to be present during their trial was lost when they broke jail and escaped. Certainly, great inducements to escape during trial would be held out were it the law that, by an escape, further proceedings in a trial will be prevented. I see no reason for giving that effect to an escape, and I am furnished with no authority for the proposition.

The grounds for an arrest of judgment, which have been relied on, cannot, in my opinion, be upheld, and the motion is, accordingly, denied.