## UNITED STATES v. VASSALO et al.
### No. 18514.

District Court, E. D. Michigan, S. D.
Oct. 2, 1931.

Frank X. Norris, Asst. U. S. Atty., of Detroit, Mich.

Walter Schweikart, of Detroit, Mich., for defendants.

TUTTLE, District Judge.

This is a motion for a new trial. The defendants Vassalo and Mazzalo were jointly indicted and tried for violation of the National Prohibition Act (27 USCA). Both of the defendants were present in court at the commencement of their trial. During its progress, however, the defendant Vassalo, who was at liberty on a bail bond, at a noon recess voluntarily absented himself from the courtroom and failed to appear at any subsequent session. No motion for a continuance nor objection to proceeding without the absent defendant was made by either defendant, and the trial thereupon proceeded until its conclusion, resulting in the conviction of both of the defendants. Thereafter they jointly filed this motion for a new trial, alleging therein that "the court erred in continuing the trial of said cause after being informed that one of the defendants was absent from the court room," and that "the absence of one of the defendants during the course of the trial prejudiced the rights of both defendants."

It is clear that the motion must be denied. Manifestly, the defendant Vassalo, by his voluntary departure and disappearance from the trial, waived his right to be present thereat and is not now entitled to complain of the situation which his own act thus created. Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 254, 56 L. Ed. 500, Ann. Cas. 1913C, 1138. As the Supreme Court said in the case just cited: "Where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."

Nor has the defendant Mazzalo any proper basis for complaint. He not only made, at the time when the absence of his codefendant was called to his attention, no showing or claim that such codefendant was a necessary or material witness on his behalf, or that his presence could be obtained at any adjourned hearing, but as already stated, he even failed to present any motion for a continuance or any objection to proceeding without such continuance. Under these circumstances, his present contention is so obviously without merit as to require no further discussion. Davis v. United States, 9 F.(2d) 826 (C. C. A. 8); Woods v. United States, 26 F. (2d) 63 (C. C. A. 8).

The arguments urged in support of the motion for a new trial have received careful consideration, but cannot be sustained. The motion must be denied. An order to that effect will be entered.