## UNITED STATES v. BARRACOTA et al.

District Court, S. D. New York.

May 7, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Raymond Ickes and Edward C. Wallace, Asst. U. S. Attys., both of New York City, of counsel), for plaintiff.

Peter L. F. Sabbatino, of New York City, for defendant Anthony Barracota.

Albert H. Vitale, of New York City, for defendant Anthony Crisci.

MOSCOWITZ, District Judge.

If any principle is recognized in criminal law it is that a defendant in a criminal case is entitled to be confronted with all the witnesses against him. This is a common law right which was carried into the Constitution by the Sixth Amendment which provides that in all criminal prosecutions a defendant is to be confronted with the witnesses against him. The right of confrontation really means the right of the accused to hear the witnesses testify against him and to cross-examine them.

Defendant Anthony Barracota being present the jury was impaneled and the case partially tried. The defendant Barracota was not in custody, he had been admitted to bail. The case was adjourned from April 9th to April 10th at which time defendant Barracota failed to appear.

An investigation conducted by the Court disclosed that the defendant Barracota voluntarily absented himself from the Courtroom. By voluntarily absenting himself from the Courtroom the defendant Barracota waived his right to be present at the trial and to be confronted with witnesses against him. The Court could proceed with the trial in his absence. United States v. Loughery, Fed.Cas.No. 15,631, 13 Blatchf. 267; Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138; Ah Fook Chang v. United States, 9 Cir., 91 F.2d 805; United States v. Vassalo, D.C., 52 F.2d 699; United States v. Noble, D.C., 294 F. 689.

It is clear that, when a defendant is being tried other than for a capital offense and is not in custody and voluntarily absents himself from the trial and fails to appear, the trial may continue in his absence and that the voluntary act of the defendant in absenting himself from the trial operates as a waiver of such right to be present and of his right to be confronted

with the witnesses against him. The trial may then proceed in the same manner and with like effect as though he were present.

The defendant Anthony Crisci was present in Court with his counsel who actively participated in the trial. During the progress of the trial and upon an adjourned date, April 20th, 1942, the defendant Crisci, who had been admitted to bail, absented himself from the Courtroom and failed to appear due to his illness.

Defendant Crisci's counsel obtained the defendant's verbal consent to continue the trial in the absence of the defendant.

On the 24th day of April, 1942, the attorney for defendant Crisci filed the following written consent signed by the defendant Crisci:

"State of New York
Southern District of New York } ss:

"Anthony Crisci, being duly sworn, deposes and says:

"That he is a defendant in the above entitled case the trial of which commenced on April 7, 1942 and continued through April 9, 1942, at which time it was adjourned to April 14, 1942 and subsequently further adjourned to April 20, 1942.

"That on April 17, 1942 he became ill of a streptococci sore throat and was attended by Dr. Augustine J. Annunziata.

"That throughout the trial of this case he has been represented by Albert Vitale, Esq., as his attorney.

"That he advised Mr. Vitale of his inability to be in court on April 20, 1942; that the case was then adjourned to April 22, 1942.

"That on April 21, 1942 Dr. Milton L. Kramer, having been designated by the Court, examined him and corroborated the diagnosis of Dr. Annunziata.

"That due to the above he was unable to be in court at the trial recommenced on April 22, 1942; that prior thereto he had directed his attorney to proceed with the trial in his absence provided that the attorney was present at all times to represent him; that he is aware that under the law he has a right to be confronted by the witnesses against him; that being aware of this right, he, of his own free will and on advice of his counsel Mr. Albert Vitale, waives this right and consents that the trial proceed in his absence provided his attorney, Mr. Albert Vitale be present.

Anthony Crisci

"Sworn to before me this 23rd day of April, 1942.
"Romo Mourcy
"Notary Public."

During Crisci's absence his counsel continued to participate actively in the trial. Prior to the completion of the trial defendant Crisci had recovered from his illness, returned to Court and became a witness in his own behalf.

It has already been pointed out that if a defendant, who is on bail, during the progress of a trial voluntarily absents himself from the trial and fails to appear that the trial can nevertheless proceed in his absence. This is based upon the theory that the defendant himself has waived the provisions of Amendment Six of the Constitution, that a defendant in all criminal prosecutions be confronted with the witnesses against him.

It is equally true that a defendant who is at liberty on bail during the progress of a trial may consent to the trial proceeding in his absence. This consent is binding upon the defendant and the Court is free to proceed with the trial in the same manner and with the same effect as if the defendant were personally present.