**UNITED STATES of America**
**v.**
**James NEAL, Appellant.**
**No. 14153.**

United States Court of Appeals Third Circuit.

Argued Feb. 5, 1963.

Decided June 19, 1963.

**534**

Curtis C. Carson, Jr., Philadelphia, Pa., for appellant.

Edward F. Kane, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

KALODNER, Circuit Judge.

Following a jury trial, defendant, James Neal, was found guilty and sentenced for violations of the narcotics laws.[1]

Defendant prosecutes this appeal on the grounds that (1) the trial judge answered an inquiry made by the jury in the course of its deliberations in the absence of the defendant and his counsel thereby committing prejudicial error; and (2) the trial judge erred in his instructions to the jury with respect to entrapment.

The trial judge, in a Memorandum Opinion in which he denied defendant's motion for a new trial which was premised on the ground here presented, said:

"A final ground for new trial is defense counsel's charge that the Court in his absence received a note from the jury, considered it and then stated to the jury that they were free to make a recommendation of mercy but that the Court might feel constrained to disregard it. Defendant argues that inasmuch as the jury did not know that a conviction carried with it a mandatory sentence, the Court's willingness to accept a mercy recommendation might have persuaded them the more easily to agree to a conviction.

"Whether or not the Court answered the question from the jury in the absence of defense counsel is sharply disputed by government counsel who states defendant's counsel was present and did not object. It has been this Court's invariable practice not to answer notes sent by a jury while deliberating without consulting both counsel. This, together with government counsel's memory of the affair makes the Court feel that defense counsel is mistaken in his assertion. *The record is unfortunately silent and the Court has forgotten.* In any event, even defense counsel agrees that *before* the jury returned to the box to give its verdict, *the Court advised defense counsel it had* instructed the jury that it might make a recommendation of leniency, and defense counsel, neither at that point nor *after* the jury had returned a verdict of guilty with a recommendation of mercy, took any exception to the Court's alleged action.

"Moreover, the Court doubts the action was prejudicial. Although the sentence was mandatory, the Court could have imposed a wide range of penalties over and above five years. * * *" (emphasis supplied except with respect to the word "before" and "after" which were emphasized by the trial judge)

That the jury did make inquiry of the trial judge and that he replied to it is evidenced by the trial transcript at the

---

1. Defendant was sentenced to five years imprisonment on each of the six counts of the indictment, to run concurrently. Three of the counts charged illegal sale of narcotics in violation of 21 U.S.C.A. § 174; three, illegal sale of narcotics without a written order on a form issued by the Secretary of the Treasury in violation of 26 U.S.C.A. § 4705(a).

point the jury's verdict was received. After the foreman of the jury had returned its verdict of guilty on the six counts of the indictment he said to the Court:

"May we recommend leniency?"

The trial judge replied:

"The Court will accept the recommendation of mercy. *As I said to you,* however, the Court must in cases like this feel free to disregard it if it desires." (Emphasis supplied.)

The foreman then said:

"We realize that."

The record discloses that the defendant's trial commenced January 13, 1961; the case was sent to the jury on January 17th and it continued its deliberations throughout January 18th and returned its verdict on January 19th. Defendant timely moved for a judgment of acquittal or in the alternative for a new trial, assigning inter alia the giving of instructions to the jury in his absence and that of his counsel. Oral argument on the motions was had January 8, 1962. On January 31, 1962 the trial judge wrote to counsel for the defendant and the government[2] stating that he had "no memory of the incident whatsoever" and requested that he be advised "whether, in fact, this incident actually occurred." On the same day the assistant United States Attorney who had prosecuted the

case, wrote to the trial judge *that he had, in chambers, advised defendant's counsel* and the prosecutor, of receipt of the jury's inquiry as to whether they could recommend mercy and that he was "sending back word" that he would accept such a request but reserved the right to ignore it; that both counsel had made no objection at the time. On February 2, 1962 defendant's counsel wrote to the trial judge taking issue with "the faulty recollection" of government counsel and stating that he was first advised of the communication with the jury a few minutes before the jury returned its verdict.

The letters, it should be observed, were made part of the record below, and the trial judge adverted to them in his Memorandum Opinion, as earlier indicated.

What has been said establishes that there was an inquiry from the jury with respect to a recommendation of leniency and that the trial judge replied to it.

From the welter of contradiction as to whether or not the defendant's counsel was timely advised of the jury's inquiry and the trial judge's reply before he made it there emerges this undisputed critical fact—*the defendant was not present when the inquiry was received and when it was answered by the trial judge.*

█ █ It was settled as long ago as 1892, in Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011, that "after indictment found, noth-

---

**2.** The trial judge's letter follows:
"Gentlemen:

"In considering the motion for new trial in the above matter, I noticed in the briefs the point involving alleged instructions by the Judge, outside the presence of defense counsel, pursuant to a note from the jury. This note apparently asked whether it was permissible to recommend mercy in returning a verdict.

"I overlooked this point in reading the briefs and, to my memory, neither counsel argued it at the motion for new trial in Philadelphia recently. However, in coming across it in the briefs, I am disturbed because I have no memory of the incident whatsoever. The record does not seem to reflect it and yet defense counsel seems to have heard of it and government counsel answers the defendant's

brief on this point as if the incident actually occurred.

"I should like to be advised either by the Clerk of the Court who was in the trial, the reporter who took the notes, or the United States Attorney who prosecuted the case whether, in fact, this incident actually occurred. It seems curious that I would have done a thing such as this which is completely at odds with my normal practice of never instructing a jury on any point without the presence of both counsel. However, if I did do so in this case, I would like to be advised to that effect and will thereafter come to some conclusion on point.

"Very sincerely,

"CRL, 3rd:p

"cc: Mr. Gilbert W. Ludwig, Clerk."

ing shall be done in the absence of the prisoner."

Rule 43 of the Federal Rules of Criminal Procedure, in restatement of existing law, provides in relevant part:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules."

In Evans v. United States, 284 F.2d 393 (6 Cir. 1960) the defendant's conviction of violation of the narcotics laws was reversed because the trial judge gave additional instructions to the jury in response to its request in the absence of the defendant even though the instructions were given in open court and in the presence of the defendant's counsel and the instructions were later repeated in the defendant's presence. In reversing the appellate court cited Rule 43.

In United States v. Noble, 155 F.2d 315 (3 Cir. 1946) we held (p. 318):

"It is * * * essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant."

Although not necessary to our disposition, in view of the settled law, we must note the lack of merit in the government's contention that assuming both the defendant and his counsel were not present when the mooted additional instruction was given it was "harmless error" since "no substantial right of the defendant was affected" in view of the fact that he was given the minimum sentence of five years. This contention ignores the fact that this jury was deadlocked for a two-day period on the issue of the guilt or innocence of the defendant, and the fact-of-life that one or more of the jurymen might have been persuaded to "go along" with the guilty verdict in the mistaken belief that the "leniency" recommendation would result in nothing more than a suspended sentence or a few months imprisonment.

In view of our disposition it is unnecessary to consider the point presented with respect to the contention that the trial judge erred in his instructions on the score of entrapment.

For the reasons stated the judgment of conviction and sentence will be reversed and the cause remanded to the District Court with directions to proceed in accordance with this Opinion.