Milton **CURETON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21175.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 24, 1968.

Decided April 18, 1968.

Mr. Harry A. Inman, Washington, D. C., (appointed by this court) for appellant.

Mr. Jerome M. Feit, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, for appellee. Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

FAHY, Senior Circuit Judge:

Appellant was convicted by a jury of housebreaking (22 D.C.Code § 1801), arson (22 D.C.Code § 401), and malicious destruction of personal property of a value in excess of $200.00 (22 D.C. Code § 403). The charges grew out of a single episode which was apparently the result of an estrangement between appellant and his wife. She had rejoined her father and stepmother in their household where the indicted conduct occurred. The family were then absent, indicating appellant did not desire to inflict bodily harm. He was sentenced to three to ten years' imprisonment on each of the three counts, the sentences to run concurrently with each other but to take effect at the expiration of another sentence.

Appellant's principal contention, and the only one which in our view requires discussion, is that he was tried *in absentia* in violation of the Due Process Clause of the Fifth Amendment and his right to be confronted with the witnesses against him as guaranteed by the Sixth Amendment. We remand for a hearing on the *absentia* issue, the judgment of conviction to abide the result.

Appellant was present with counsel when the trial began on a Thursday and progressed through the impaneling of the jury. The afternoon becoming advanced, the judge respited the trial until the following Monday. When the court reconvened on Monday appellant, who was at liberty on his personal recognizance, did not appear.

A short recess was taken to enable counsel to call appellant's grandmother through whom counsel had contacted appellant on other occasions. Counsel also advised the court that appellant was required to report daily to Precinct Two. The prosecuting attorney undertook to check into the defendant's compliance. Later in the morning counsel for appellant reported he had not been successful in ascertaining appellant's whereabouts. He said his recollection was that on the last day they were in court "I told him * * * that I would see him here Mon-

day morning." The prosecuting attorney advised the court he was informed appellant had not reported to the Precinct since Friday.

The court issued a bench warrant and recessed for a few hours. In agreeing to this procedure, appellant's counsel stated he "oppose[d] a trial in absentia and respectfully represent[ed] to the court * * * I think that would be prejudicial." The court reconvened at 1:45 p. m., when the Marshal explained his unsuccessful efforts to locate appellant.

The court then stated that he found appellant had voluntarily absented himself and that the trial should proceed in his absence under the rules of the court. In appellant's absence the trial continued for the remainder of the court day and most of the following morning, eventuating in the verdicts. Two months later appellant was apprehended, and several weeks thereafter he was present with counsel at his sentencing.

Rule 43, Fed.R.Crim.P., which no doubt the court had in mind in continuing with the trial, provides in its most pertinent part:

> The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict.

The 1943 Notes of the Advisory Committee on the Rules of Criminal Procedure contain the following comments on the preliminary draft of Rule 38, which became Rule 43:

> The right of a defendant in a criminal case to be present at every stage of the proceedings after an indictment has been found or an information filed and until sentence is imposed, is preserved. See United States Constitution, Amendments V and VI. * * * Blackstone and Chitty are cited; and, also, cases illustrating "the extent to which criminal proceedings in both the federal and state courts in the absence of a defendant have been permitted or forbidden."

The Notes then continue:

> The second sentence permits continuance of trials both in felony cases if the crime is not punishable by death and in misdemeanor cases when the defendant by his voluntary act absents himself after the commencement of the trial. Under this provision the defendant is required to be present at arraignment and plea and the trial must be begun in his presence. Compare Diaz v. United States, 223 U.S. 442 [32 S. Ct. 250, 56 L.Ed. 500] (1912); Falk v. United States, 15 App.D.C. 446, 454, 455 (1899); American Law Institute Code of Criminal Procedure (1931) § 287; N.Y.Code Crim.Proc. § 356; Tex.Code Crim.Proc.Ann. (Vernon, 1941) art. 580.

The Notes to a 1946 Edition of the Rules, "prepared under the direction of the Advisory Committee appointed by the United States Supreme Court,"[1] include the following under Rule 43:

> The second sentence of the rule is a restatement of existing law that, except in capital cases, the defendant may not defeat the proceedings by voluntarily absenting himself after the trial has been commenced in his presence, Diaz v. United States, 223 U.S. 442, 455 [32 S.Ct. 250, 56 L.Ed 500]; United States v. Noble, 294 Fed. 689 (D.Mont.)—affirmed, 300 Fed. 689 (C.C.A. 9th); United States v. Barracota, 45 F.Supp. 38 (S.D.N.Y.); United States v. Vassalo, 52 F.(2d) 699 (E.D.Mich.).

■ It appears from the foregoing that (a) the right to be present is recognized and preserved, (b) limited absence is tolerated, however, in certain circum-

---

1. Publication by the New York University School of Law.

stances, and (c) in noncapital felony cases, when the trial has begun in defendant's presence, it may continue in his absence to and including the verdict when he voluntarily absents himself.

Turning now to a somewhat fuller consideration of decisional law, there is our own case of Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629. We held that a defendant who was in the continuing physical custody of the Government did not voluntarily absent himself by declining to return to the courtroom after his trial had commenced. We said that the provision regarding voluntary absence had "no clear application to defendants in custody," its purpose being "to prevent frustration of a trial in progress by the escape or absconding of the defendant." We also held that Cross had not validly waived his right to be present by telling his attorney that he did not want to go into the courtroom, since the standards for waiver of a constitutional right, set forth in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, were not met.[2]

Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 5, is more closely in point; for the defendant there, like appellant here, was not in custody and was present when his trial began. He continued to be present during most of the trial; but on two occasions he sent a message to the court expressly consenting that the trial proceed in his absence, which was done.[3] His conviction was upheld. The Court stated that in a noncapital felony case, when the accused is not in custody,

> the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself,

this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.

223 U.S. at 455, 32 S.Ct. at 254.

Mr. Justice Lamar, though dissenting, nevertheless stated:

> The defendant has no right to force the court to order a mistrial. If he escapes or takes advantage of his bail to remain away during the trial, the court proceeds, not because it is willing that he should be absent, but because it is obliged to go on without him.

223 U.S. at 461, 32 S.Ct. at 256. His dissent was on the ground that the trial court itself had consented to Diaz's absence, which he thought should not have been done. He relied upon Hopt v. People of Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262, which the majority held not to be controlling, as the majority also held with respect to Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011; Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218, and Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061. The Court said that in each of these cases "the accused was in custody charged with a capital offense, and was sentenced to death."[4]

In view of *Diaz* we take it that the language in Lewis that "A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner," does not prevent continuing a trial when the defendant voluntarily absents himself within the meaning of Rule 43.[5]

---

**2.** No issue of formal waiver is now presented, though the Government contends that appellant's absence constituted a waiver. In addition the Government advances a policy argument, citing Falk v. United States, *supra.*

**3.** While the case arose in the Philippines prior to her independence the opinion demonstrates its applicability to the law

of the continental United States as found in the Constitution.

**4.** In addition, the Court pointed out that in *Hopt* it had relied upon a territorial statute which declared that the defendant " '*must* be personally present.' " (Italics in the Court's *Diaz* opinion.)

**5.** In *Hopt* the Court stated that it is not the accused alone who is concerned as to

The spectrum of federal cases includes several which arose in the States, in each of which the unconsented absence of the defendant from part of the proceedings was held not to invalidate his trial. Thus, in Frank v. Mangum, 237 U.S. 309, 35 S. Ct. 582, 59 L.Ed. 969, the defendant's enforced absence at rendition of the verdict was held by the Supreme Court in habeas corpus proceedings not to require a new trial. The Court leaned upon the State court's affirmance on the basis of a State practice under which the objection was held to have been waived.[6] In Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, over defendant's objection the jury, judge and counsel, in the absence of defendant, viewed premises where the homicide on trial had occurred, with explanatory remarks during the view. The Court held that this did not violate the Fourteenth Amendment Due Process Clause because, the Court concluded, no reasonable possibility of prejudice was involved, notwithstanding the Court's assumption that,

> [I]n a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.

291 U.S. at 105–106, 54 S.Ct. at 332. And see Howard v. Commonwealth of Kentucky, 200 U.S. 164, 26 S.Ct. 189, 50 L.Ed. 421. The latitude the Court in *Snyder* afforded the State under the Fourteenth Amendment should now be compared with Pointer v. State of Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed. 2d 923.

We come to a matter not discussed in the decisions. Rule 43 does not require a trial which began in defendant's presence, as here,[7] to be continued notwithstanding the defendant has voluntarily absented himself. The language of the Rule is that such absence shall not prevent continuing the trial. This confers latitude on the court in deciding whether to proceed or to declare a mistrial. In giving meaning to the second sentence of the Rule we must keep this latitude in mind. His presence, resting upon a constitutional right, is a normal requisite to the fair administration of justice. It is important that he be present at his trial. On the other hand a defendant at liberty on his own recognizance has an obligation as well as a right to be present.[8] The Supreme Court has pointed out that "the right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty." Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3. Under the terms of appellant's personal recognizance he was at liberty on conditions "that he promises to appear at all scheduled hearings as required," and that he "shall appear at such other places [than the local police precinct] and times as the United States Commissioner or Court may order or direct. * * * If the defendant fails to appear before any court or judicial officer as required, an additional criminal case may be instituted against him." The recognizance contains his agreement "to comply fully with each of the obligations imposed on my release. * * *"

■ In the above circumstances, taking into consideration the right, the ob-

the mode by which he may be deprived of his life or liberty. Blackstone was brought forward to the effect that natural life " 'cannot legally be disposed of or destroyed by any individual, neither by the person himself, nor by any other of his fellow creatures merely upon their own authority.' 1 Bl.Com. 133." 110 U.S. at 579, 4 S.Ct. at 204.

6. The question was considered as one of due process under the Fourteen Amendment.

7. As previously noted, the requirement that he be present at sentencing was also met.

8. Were he in custody the Government would be under obligation to produce him.

ligation, and that the orderly administration of justice takes account on the one hand of the importance of a defendant's presence and, on the other hand, the need for control of the situation by the court, we conclude that if a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away. *Cf.* Parker v. United States, 184 F.2d 488 (4th Cir.). Our language in *Cross* to the effect that he cannot frustrate a trial in progress by absconding indicates the sort of situation which enables the court to continue the trial. See, also, Falk v. United States, *supra,* 15 App.D.C. at 454; United States v. Vassalo, 6 Cir., 52 F.2d 699; United States v. Noble, 9 Cir., 294 F. 689.

We cannot be certain upon the present record that appellant's absence was of the character above indicated. It is true that just prior to recessing on Thursday the judge addressed the jury as follows:

> Be here on Monday morning at a quarter of ten in the jury room right in back of this courtroom so that we can commence the trial promptly at 10:00 o'clock on Monday.

However, no remarks were addressed directly to appellant;[9] and his counsel seemed uncertain of his advice to appellant about appearing on Monday.

It is not clear that appellant's absence was a deliberate failure to appear without a reason which might bear upon the court's latitude to have continued the trial or not, or which might lead the court to find his absence was not voluntary when that term is given the content we have indicated: it is not clear, in sum, that in all the circumstances there was an absconding or the like, though there might have been.

In terms of efficient judicial administration we think the matter should be explored more fully now, rather than to leave uncertainty burdened with the likelihood of future collateral attacks upon the convictions. Compare Carrell v. United States with Paulding v. United States, both at 118 U.S.App.D.C. 264, 335 F.2d 686. A remand for fuller development of the facts, which might well include the circumstances in which appellant was taken into custody after the trial, will afford the parties an opportunity to assist the court in reaching findings and a conclusion with greater certainty than the present record permits.[10]

It would go a long way to avoid uncertainty in such cases were the trial court at the time of sentencing to explore the reason the defendant was absent. As we have seen Rule 43 permits a trial which has commenced in defendant's presence to be continued in the event of his voluntary absence "to and including the return of the verdict." The defendant must be present at his sentencing. An opportunity could then be afforded the defendant to make any explanation he may have for his absence and also for development on the record of a basis upon which to determine whether, consistently with Rule 43 as we have interpreted it, the court properly continued with the trial in the defendant's absence.

Should the court as a result of the remand in this case decide the trial should not have continued, the judgment will be set aside, otherwise it will remain in effect, subject to such rights of appeal as may then appertain.

Remanded for further proceedings not inconsistent with this opinion.

---

9. We suggest the advisability of trial transcripts noting the presence or absence of defendant, and that when a trial is recessed to be resumed the defendant on the record should be given directions as to his appearance.

10. Because of the standards we now outline for the first time we do not apply the clearly erroneous criteria of Rule 52(a), Fed.R.Crim.P., to the finding in this case that appellant voluntarily absented himself.