**Milton CURETON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22171.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 12, 1969.

Decided June 25, 1969.

Mr. John C. Lawrence (appointed by this court), Washington, D. C., for appellant.

Mr. D. William Subin, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, and Harold H. Titus, Jr., now Principal Asst. U. S. Atty., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Our previous decision in Cureton v. United States, 130 U.S.App.D.C. 22, 396 F.2d 671, involved the convictions of this appellant at a trial held in part during his absence.[1] We remanded the case to the District Court for a fuller development of the facts, to be followed by findings and a conclusion, as to whether the appellant's absence was of a character which warranted the court in proceeding with the trial. The standards by which this was to be determined were set forth in our opinion. We then stated:

Should the court as a result of the remand in this case decide the trial should not have continued, the judgment will be set aside, otherwise it will remain in effect, subject to such rights of appeal as may then appertain.

130 U.S.App.D.C. at 27, 396 F.2d at 676.

The present appeal is from the determination of the court that the judgment of conviction remain in effect. This determination followed a hearing after which the judge filed a detailed memorandum which contains his findings upon the basis of which his determination was made. These findings fully meet the requirements of our remand; and since they have adequate evidentiary support in the record and are not clearly erroneous,[2] the conclusion of the District Court that the judgment should remain in effect validly followed.

Affirmed.

---

1. The convictions were of housebreaking (22 D.C.Code § 1801), arson (22 D.C. Code § 401), and malicious destruction of personal property of a value in excess of $200.00 (22 D.C.Code § 403).

2. The clearly erroneous standard was not applicable to the situation dealt with in our prior decision. Cureton v. United States, 130 U.S.App.D.C. at 27 n. 10, 396 F.2d at 676 n. 10.