**UNITED STATES of America,**

v.

**Pietro ALFANO, et al., Defendants.**

**No. 84 Cr. 236(PNL).**

United States District Court,
S.D. New York.

July 17, 1987.

Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., New York City (Louis Freeh, Robert Bucknam, of counsel), for U.S.

Patrick Burke, Suffern, N.Y., for defendant Pietro Alfano.

OPINION AND ORDER

LEVAL, District Judge.

Pietro Alfano moves for severance and a mistrial based on his inability to be present

in court from February 12, 1987 through the conclusion of trial. Alfano was shot on the street after the trial session of February 11, 1987. He was permanently paralyzed below the waist by the shooting and could not return to court for the remaining 18 days of trial. His motion is based on Rules 43(a) and 43(b), F.R.Crim.P., which provide that the defendant "be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict," but specify that "[t]he further progress of the trial to and including the return of the verdict shall not be prevented" by the defendant's absence if the defendant has absented himself voluntarily or conducts himself disruptively.

The Government opposes the motion contending that his absence was at worst a technical violation which did not contribute in any way to the jury's verdict. The Government relies on the fact that the shooting of Alfano did not occur until after his attorney had completed his summation; Alfano's counsel made no objections during the Government's rebuttal summation; and none of the jury's questions during deliberations pertained to evidence of Alfano's involvement. The Government argues that from the time Alfano's absence began, there was nothing for him to do but listen and wait for the verdict.

 The commands of Rule 43 and of the Confrontation and Due Process clauses must be construed with practical flexibility. *See, e.g., Kentucky v. Stincer,* — U.S. —, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987); *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Wade v. United States,* 441 F.2d 1046 (D.C.Cir. 1971); *Walker v. United States,* 322 F.2d 434 (D.C.Cir.1963); *Booker v. Israel,* 610 F.Supp. 1310 (E.D.Wisc.1985). The court should not automatically grant a mistrial in any case of a defendant's absence no matter how brief and fortuitous and regardless how little difference the defendant's presence would have made. On the other hand, in my view, an absence can be so lengthy, or occur during so many critical proceedings, as to violate Rule 43 and require

mistrial, even though it may be clear that the defendant's presence would not have changed anything. It can be assumed that during many portions of a trial, the presence of the defendant makes no practical difference whatsoever. Nonetheless I believe the defendant's right under Rule 43 to have the trial conducted in his presence extends beyond only those proceedings as to which his presence might have been determinative, which may be but a negligible portion of the trial.

The Government relies on *Kentucky v. Stincer, supra,* which I do not believe is dispositive. *Stincer* was a state criminal prosecution for sexual abuse of infants in which the defendant was excluded over his objection from a brief competency hearing testing the ability of the infant complainants to give sworn testimony. The Supreme Court found that neither the Confrontation nor Due Process Clause of the Constitution required vacating the conviction. The part of the opinion dealing with the Confrontation Clause is not pertinent since no testimony was taken during Alfano's absence. As to Due Process, the Court adhered to its formulation in *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934) that a defendant "has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' [P]resence is not guaranteed 'when [it] would be useless ...,'" but is required " 'to the extent that a fair and just hearing would be thwarted by his absence.'" *Stincer, supra* at 3313. The Court found no indication that defendant's "presence at the competency hearing ... would have been useful in ensuring a more reliable determination as to whether the witnesses were competent to testify," and therefore found no violation of due process. *Id.*

There are two reasons why I believe the *Stincer* ruling does not control:

First, *Stincer* involved absence from a brief, discrete hearing that was not part of the trial proper, and as to which there were very good practical reasons supporting the

defendant's exclusion. It is not clear to me that the Court would reach the same result if a defendant were arbitrarily excluded from numerous lengthy critical portions of the trial proper, notwithstanding a finding that his presence would have made no difference. *Stincer's* functional test might well recede in favor of a more "symbolic" assessment focusing on the "appearance of fairness," compare *Id.* at 3314 (Marshall, J. dissenting), if the absence were less justified, more prolonged and involved a number of critical phases of trial.

Second, and more important, the question in *Stincer* was what standards the federal constitution imposes on states. A state's procedures could reasonably determine, as did the trial judge in *Stincer*, to shield an infant rape victim from facing her attacker in such a competency hearing. The question considered by the Supreme Court was whether such a rule or ruling is obnoxious to the constitutional requirement of due process. The question here at issue does not reach the constitution. It is rather the interpretation of a Federal Rule of Criminal Procedure which speaks in categorical terms of the necessity of the defendant's presence, but has been interpreted with some flexibility. In my view, that flexibility does not go quite far enough to accommodate these facts.

█ This absence lasted 18 days, longer than the duration of most trials. Although it is true, as the Government stresses, that 18 days was but a small fragment of this 17–month trial, the absence continued throughout the summations of other defense counsel,[1] the prosecutor's rebuttal summation (which focused squarely and extensively on Alfano's complicity), the court's charge (which explained the elements of the offenses charged against Alfano), the exceptions to the charge, numerous questions by the jury and opportunities for defense counsel to argue as to how the questions should be answered and finally the moment of the jury's report of its verdict. I believe this absence was sufficiently prolonged and continued during so many

proceedings that were of direct importance to Alfano, that it should not be deemed too insignificant to warrant a mistrial. Although I cannot conceive the result would have changed had the defendant been present, I believe, nonetheless, that so prolonged an absence through so many critical phases of his trial warrants a mistrial under Rule 43.

The Government also contends that Alfano should be deemed to have waived his right to be present because it asserts his shooting resulted from his continuing to trade in narcotics during the trial. It merely asserts it has information to this effect; it submits no evidence that would require a hearing.

Alfano's motion for a mistrial is granted.

SO ORDERED.

---

1. As a practical matter, furthermore, the summations of other defendants delivered after the shooting dealt expressly with important issues affecting Alfano's guilt.