**Bobby E. HAZEL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 8219.**

District of Columbia Court of Appeals.

Argued Oct. 9, 1975.

Decided March 12, 1976.

Charles C. Glover, III, Washington, D. C., appointed by this court, for appellant.

Neal M. Goldberg, Washington, D. C., also entered an appearance for appellant.

Jonathan B. Marks, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Stuart M. Gerson, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge.

Appellant, Bobby E. Hazel, was convicted of armed robbery (D.C. Code 1973, §§ 22–2901, –3202) and assault with a dangerous weapon (D.C. Code 1973, § 22–502) for his alleged participation in the robbery of a Safeway store on April 4, 1973.[1] On appeal, he urges that the trial judge erred in excluding him from a portion of his trial in violation of his right under the Sixth Amendment "to be confronted with the witnesses against him . . . ."[2] Finding error, we reverse the convictions and remand the case for a new trial.

Appellant, who had a history of disruptive courtroom conduct, was carefully warned by the trial judge at the outset of his trial that such behavior might constitute a waiver of his right to remain present at the proceedings. In spite of this warning, on the third day of his trial he erupted with shouted obscenities directed at the prosecutor who was delivering his closing argument. Appellant was immediately removed from the courtroom and the jury was excused.

After denying a defense motion for a mistrial, the trial judge learned that appellant wished to return to the courtroom. Initially, the judge considered readmitting

---

1. The offense was committed by two persons, but a second suspect was never apprehended or identified.

2. The constitutional guarantee is embodied in Super.Ct.Cr.R. 43, which provides in pertinent part:

   The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence. . . .

him with additional warnings, but instead ruled:

> [I]n view of his outburst, the nature of the outburst, the intensity of the outburst, . . . he has waived his right to be present during the proceedings, and . . . the Court has already warned him that we will proceed without his presence. . . .[3]

Closing arguments were completed and the jury was instructed in appellant's absence. He was returned to the courtroom, however, for the rendering of the verdict.

We recognize that an accused's constitutional right to be present in the courtroom at every stage of his or her trial may be lost by misconduct. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In *Allen* the Court outlined specific methods for the handling of a disruptive defendant designed to guarantee the rights of such persons under the Confrontation Clause as far as possible without sacrificing the public interest in maintaining proper decorum in judicial proceedings. The Court stated:

> We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.[4]

In *Allen* the accused had been excluded from part of his trial after he had repeatedly disrupted the proceedings. The Court noted that on each of these occasions he had been warned that he would be removed from the courtroom if this conduct continued. On being excluded, he was constantly reminded that he could return to trial once he agreed to behave properly.[5] The Court concluded that under the circumstances Allen had lost his constitutional right to be present throughout his trial.

By contrast, appellant was warned that his misconduct could lead to exclusion only at the beginning of the trial and he was excluded from the proceedings following a single outburst that occurred on the third day of trial. The circumstances of the outburst, of course, necessitated his immediate removal from the courtroom in order to minimize the resulting prejudice. After it appeared that appellant had regained his composure, however, the trial judge should have addressed him in open court to determine whether he desired to return to the proceedings and if so, whether he would refrain from disrupting the trial. We realize that in continuing the proceedings in appellant's absence, the trial judge ·was chiefly concerned with the possibility that his return to the trial would result in further incidents to his prejudice. In view of the remoteness of the warning concerning misconduct and appellant's expressed desire to return to the courtroom, however, his misconduct did not constitute a waiver of his right to be present as the proceedings were resumed.

The dissent concludes that the constitutional error committed in excluding appellant from part of his trial does not require reversal under the standard set in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 105 (1967), for ascertaining harmless error. In our judgment, however, the government here has not met its burden of proving beyond a reasonable doubt that no prejudice resulted from the error. *See id.*, at 24, 87 S.Ct. 824, 17 L.Ed.2d 105.

The apparent strength of the case against appellant and his probable inability to have actively assisted in his defense had he been present are, of course, factors that serve to lessen the possibility of prejudice. Nevertheless, the fact remains that to hold

---

3. Supplemental Record II, Tr. 16–17.

4. *Illinois v. Allen, supra* at 343–44, 90 S.Ct. at 1061, 25 L.Ed.2d 353.

5. *Id.* at 346, 90 S.Ct. 1057, 25 L.Ed.2d 353.

appellant's exclusion harmless would presume to reconstruct what might have happened had he been present during closing arguments and instructions to the jury. Since this cannot be accomplished with any degree of certainty in this case, we cannot rule out the reasonable possibility that prejudice resulted. *See Wade v. United States*, 142 U.S.App.D.C. 356, 441 F.2d 1046 (1971).

■■■ The discussion of one other issue raised by appellant, concerning the sufficiency of the evidence, may facilitate the retrial of this case. Hazel urges that assuming he had held the gun, as alleged by the government, while the other person had seized the cash from the Safeway safe, the evidence thus adduced was insufficient to support his conviction for armed robbery since he did not physically commit all elements of the offense.[6] He contends that under these circumstances he could not be held legally responsible for the acts of the other robber unless he was found to have aided and abetted that individual within the meaning of D.C. Code 1973, § 22–105.[7]

An instruction under the aiding and abetting statute is not necessary, however, in order for the acts of one principal in furtherance of a crime to be imputed to another principal. Under the common law, the act of appellant's accomplice in taking the money would have been imputed to appellant by virtue of the fact that appellant had himself committed one of the necessary elements of the crime of armed robbery.[8] Since this common law doctrine has not been changed by statute, it still controls.[9]

*Reversed and remanded.*

KERN, Associate Judge (dissenting).

The instant case must be viewed against the backdrop of the defendant's right to be present at every stage of his trial *and* the trial court's right to take suitable steps, including removal of the defendant if necessary, to prevent an unruly defendant from disrupting his trial and/or prejudicing himself by his own antics before the jury determining his guilt or innocence.

When appellant in this case, after all the evidence had been adduced, interrupted with curses the prosecutor's final argument to the jury, the trial court removed him from the courtroom.[1] Defense counsel asked for and was denied a mistrial. Then he advised the trial judge that appellant "says he wants to come back in" but *"very candidly . . . I just think there will be another outburst."* [Emphasis added.]

From the vantage point of hindsight I agree that it would have been better for the court itself to have questioned appellant in open court out of the jury's presence before ordering the trial to proceed without appellant. However, given the posture of the trial, *viz.*, all the evidence in

6. The jury was instructed that in order to find appellant guilty of armed robbery, it had to find that he committed each element of that offense. The jury was not told that the acts of one party in furtherance of a crime may be imputed to another.

7. The statute provides:
   In prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories, the intent of this section being that as to all accessories before the fact the law heretofore applicable in cases of misdemeanor only shall apply to all crimes, whatever the punishment may be.

8. *See* R. Perkins, Perkins on Criminal Law 656 (2d ed. 1969); 1 R. Anderson, Wharton's Criminal Law and Procedure § 102 (1957).

9. *Hill v. United States*, 22 App.D.C. 395, 401 (1903). D.C.Code 1973, § 22–105 did not alter the common law with respect to the legal responsibility of joint principals for each other's acts. The statute merely extended this doctrine of vicarious responsibility to additional classes of offenders by treating them as principals. *See Maxey v. United States*, 30 App.D.C. 63, 72 (1907).

1. Appellant had been warned prior to trial that any such behavior would constitute a waiver of his right to be present and lead to his removal.

and only the completion of argument and instruction remaining, the potential for irreparable prejudice to appellant's case if he engaged in yet another outburst and his own counsel's prediction that exactly that would occur, and the history of appellant's past bizarre conduct,[2] I can appreciate why the trial court acted as it did.

Under the particular facts of this case I cannot agree that reversal of appellant's conviction for armed robbery and assault with a dangerous weapon is required. My conclusion rests upon these factors.

First, unlike *Wade v. United States*, 142 U.S.App.D.C. 356, 441 F.2d 1046 (1971), the evidence at trial that appellant here committed the crimes of which he was convicted was overwhelming. The manager of the grocery store appellant robbed in broad daylight knew him from past encounters and was particularly watchful upon seeing him enter the store. The manager positively identified appellant as the particular person who wielded a shotgun during the robbery. The behavior of appellant and his confederate prior to the robbery also attracted the attention of a clerk, who unequivocally identified appellant at trial as the gunman during the robbery. This clear evidence of guilt reduces the possibility that any prejudice flowing from appellant's exclusion tipped the scale toward conviction. *See Ware v. United States*, 376 F.2d 717, 718 (7th Cir. 1967).

Second, appellant's enforced absence from the courtroom was during those parts of the trial where his presence could be of the least possible assistance to his counsel, *viz.*, closing argument of counsel and instructions to the jury. *Cf. Ware v. United State, supra* at 718.[3]

Finally, while it is of course impossible to say unequivocally that appellant's absence had *no* effect on the jurors (it might be speculated one or more would consider that absence as a personal affront or challenging act of defiance), the trial court several times instructed the jury to "consider the defendant's guilt or innocence on the basis of the evidence that is presented from the witness stand." I am unwilling to speculate that the jury ignored this simple and straightforward charge and voted to convict upon considerations other than the overwhelming evidence of guilt presented in the form of testimony from the witness stand.

In sum, I believe under the precise facts and particular circumstances of this case that the trial court's error in failing to question appellant personally before proceeding without appellant through the completion of argument and rendition of instructions was harmless beyond a reasonable doubt. *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 105 (1967).[4] I am satisfied that justice was done at the trial and I would affirm the conviction.

2. Prior to trial defense counsel, the prosecutor and another judge who had participated in pretrial proceedings all commented on possible difficulties that might occur during trial.

3. I find *Wade v. United States, supra*, distinguishable because there the defendant was absent from the courtroom for the court's *supplemental* instruction, rendered after the jury had announced it was deadlocked. This instruction contained the so-called Allen charge, *see Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and, as the Circuit Court pointed out, since the case was obviously close the instruction was crucial and therefore the presence of defendant before the jury at that critical point would have been meaningful.

4. The majority opinion asserts that we cannot say with "any degree of certainty" what "might have happened" had appellant been present during argument to and instruction of the jury. I think it quite certain on the basis of common sense and experience that appellant's presence—unless he resumed his *shouting and cursing*—would have had *no* effect on the formulation of the judge's applicable legal principles in the charge and the delivery by the advocates of their respective summations. Also, I think we are justified on the basis of the court's explicit instruction to the jury and the strength of the government's case in concluding his presence would have made no difference in the jury's verdict.