**Abdul RAZZAAQ, a/k/a Nelson McQueen, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85–1627.

District of Columbia Court of Appeals.

Submitted May 16, 1986.

Decided May 29, 1986.*

Abdul Razzaaq, pro se, filed a brief.

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is

Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Wendy Bebie, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before PRYOR, Chief Judge, and MACK and STEADMAN, Associate Judges.

PER CURIAM:

A jury convicted Abdul Razzaaq of eight counts of armed kidnapping. We affirmed these convictions in *Khaalis v. United States*, 408 A.2d 313 (D.C.1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980). Razzaaq now appeals the denial of his motion to vacate his sentence under D.C.Code § 23–110 (1981). He argues that the trial court violated the Double Jeopardy clause of the Fifth Amendment by imposing eight consecutive sentences for the eight separate counts of kidnapping. We disagree.

▉▉▉ Where consecutive sentences are imposed at a single trial, the Double Jeopardy clause prevents the trial court from imposing greater punishment than the Congress intended to authorize. *See Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). A trial court lacks authority to impose consecutive sentences unless it is clear that Congress intended to allow cumulative punishment for multiple counts of a given statutory offense. *See, e.g., Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

The issue presented is whether Congress intended the kidnapping statute, D.C.Code § 22–2101 (1981), to allow consecutive sentences for multiple counts of kidnapping involving separate victims. We have previously upheld consecutive sentences for multiple counts of negligent homicide and robbery of different victims, because it is clear that the robbery and negligent homicide statutes are intended to protect individuals, and thus contemplate cumulative punishments where more than one victim is

being published pursuant to this court's order granting a motion for publication.

harmed. *See Davis v. United States,* 498 A.2d 242, 246 (D.C.1985) (robbery); *Murray v. United States,* 358 A.2d 314, 320 (D.C.1976) (negligent homicide); *see also Barringer v. United States,* 130 U.S.App. D.C. 186, 399 F.2d 557 (1968), *cert. denied,* 393 U.S. 1057, 89 S.Ct. 697, 21 L.Ed.2d 698 (1969) (upholding consecutive sentences for two counts of robbery against separate victims). It is equally clear that the kidnapping statute was intended to protect individuals. The eight victims in this case were held hostage for 39 hours, and subjected to numerous distinct threats and acts of violence. *See Khaalis v. United States, supra,* 408 A.2d at 320–23. The kidnapping statute was obviously designed to protect individuals against this sort of situation. *Accord United States v. Phillips,* 640 F.2d 87 (7th Cir.), *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981).

*Affirmed.*