Abdul **RAZZAAQ**, also known as Nelson **McQueen**, Petitioner,

v.

Patrick W. **KEOHANE**, Warden, F.C.I. Memphis, Respondent.

Civ. A. No. 87–1979 JEP.

United States District Court, District of Columbia.

Aug. 18, 1987.

Abdul Razzaaq, pro se.

### ORDER

JOHN GARRETT PENN, District Judge.

The petitioner filed his petition for habeas corpus on July 20, 1987. The Court dismissed the petition sua sponte. *See* Memorandum and Order filed July 23, 1987. The matter is back before the Court on the petitioner's Motion to Reconsider and to Allow Amendment of Original Petition.

Petitioner notes that his original petition was "inartfully drawn" and argues that although his original petition referred

to the Court having jurisdiction pursuant to Fed.R.Crim.P. 35, that his claim is really presented pursuant to 28 U.S.C. §§ 1651 and 2254.

Although the petitioner does not attach an amended petition, the Court will treat the petition as being amended to delete the reference to Fed.R.Crim.P. 35 and to present a claim pursuant to the above sections of Title 28. So much of the motion as seeks to amend the petition is granted.

■ Petitioner's claim is based on his contention that the "seven counts of kidnapping while armed were illegally pyramided upon the first count of kidnapping while armed." In short, the petitioner contends that it was illegal and unconstitutional for the Superior Court of the District of Columbia to impose consecutive sentences for the eight kidnapping while armed offenses.

The petitioner and eleven other persons were tried and convicted of a number of offenses resulting from the so-called "Hanafi" takeovers of the B'nai B'rith Headquarters, the Islamic Center, and the District Building in the District of Columbia. *See Khaalis v. United States*, 408 A.2d 313 (D.C.1979), *cert. denied* 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980). The petitioner, along with the other defendants who were convicted, appealed his conviction unsuccessfully. *Id.* One of the issues raised on appeal was a challenge to the "lengths of their sentences, and the manner in which they were imposed, [and whether the sentences] amount[ed] to cruel and unusual punishment and a violation of due process." 408 A.2d at 363. The District of Columbia Court of Appeals found that "the sentences were well within the statutory limits, however, and therefore not reviewable."[1] *Id.*

As this Court observed in its earlier Memorandum filed on July 23, 1987, the petitioner sought relief by attacking the "illegal sentence" before the Superior Court, *see United States v. Razzaaq*, Criminal No. 20634–77 (Super.Ct. Nov. 7, 1985),

and thereafter on appeal to the District of Columbia Court of Appeals, *see Razzaaq v. United States*, 514 A.2d 783 (D.C.1986). The trial court denied his request and that decision was upheld by the Court of Appeals. The Court of Appeals specifically ruled that the sentences imposed on the petitioner were constitutional. That court briefly sent forth its reasoning and the authority therefor.

After reviewing the record in this case and the arguments of the petitioner, the Court concludes that the motion for reconsideration should be denied sua sponte. The petitioner has failed to make any showing that the sentences imposed were illegal or unconstitutional. In so holding, the Court concludes that a hearing is unnecessary and that a response from the respondent is not required.

In view of the above, it is hereby

ORDERED, sua sponte, that the motion to amend the petition is granted, and it is further

ORDERED, sua sponte, that the motion for reconsideration is denied.

---

[1]. The court in addressing the issue of the sentences concluded that it was an issue which warranted "only summary analysis." *Khaalis v. United States*, 408 A.2d 313,362 (D.C.1979), *cert. denied* 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980).