**Robert L. GRIFFIN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–1512.

District of Columbia Court of Appeals.

Argued May 9, 1989.
Decided Nov. 8, 1991.

Carl V. Angelis, Washington, D.C., appointed by the court, for appellant.

Virginia C. Veltrop, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, William M. Jackson and Odessa F. Vincent, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN,* GALLAGHER, and BELSON,** Senior Judges.

NEWMAN, Senior Judge:

To decide this motion, we must address the issue of whether Griffin has been denied the effective assistance of counsel on his direct appeal. We find that the failure of Griffin's prior counsel on appeal to raise a double jeopardy issue on appeal makes a showing of "sufficient merit" on Griffin's claim of ineffective assistance with respect to the charge of obstructing justice to warrant the recall of our mandate previously issued.

In so far as relevant to this appeal, the record shows the following events. In January 1985, Griffin was presented in the Superior Court on charges of burglary, assault with intent to kill while armed, and related offenses. He was released on personal recognizance pending trial. A condition of his release was that he stay away from the complaining witness. Subsequently, the trial court ordered Griffin to show cause why he should not be held in contempt of court for violating the stay away order by confronting the complaining witness at his residence, seeking to induce him to testify in a particular manner. A hearing was held before Judge Annice M. Wagner, and Griffin was found guilty of criminal contempt. He was sentenced to thirty days' imprisonment.

Two weeks later, the grand jury indicted Griffin on the four charges on which he had been presented, as well as a new charge of obstructing justice. This count alleged:

On or about July 29, 1985, within the District of Columbia, Robert L. Griffin endeavored corruptly and by threats and force to influence, intimidate, and impede Santos Rodas in the discharge of his duties as a witness in the case of UNITED STATES v. ROBERT L. GRIFFIN, Criminal Case Number F–527–85, then pending in the Superior Court of the District of Columbia. (Obstructing Justice, in violation of D.C.Code § 22–722(a)(1).)

Prior to trial, Griffin filed a written motion to dismiss the obstructing justice count on the ground of double jeopardy. Specifically, he asserted that his conviction for contempt of court for his conduct toward the complaining witness barred his subsequent prosecution for obstructing justice on the same facts. Judge Henry H. Kennedy denied this motion. Griffin was convicted on all counts charged, including obstructing justice, for which he received a consecutive sentence.

On appeal, new counsel did not raise the obstructing justice/contempt, double jeopardy issue and we did not consider it. After we entered a Memorandum Opinion and Judgment Order affirming the convictions [1] and issued the mandate, Griffin, through new counsel,[2] following the procedures set forth in *Watson v. United States*, 536 A.2d 1056 (D.C.1987) (en banc), *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988), seeks to vindicate his right to effective assistance of counsel on appeal protected by due process. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Counsel filed a motion in this court for recall of the mandate, asserting ineffective assistance of appellate counsel. After this division heard oral argument on the motion, the full court decided to consolidate two other appeals raising similar double jeopardy issues and to rehear the consolidated cases *en banc*. This division deferred deciding this case pending the *en banc* decision. *See United States v. Dixon*, 598 A.2d 724 (D.C.1991) (en banc).

"This court will pursue a claim of ineffective assistance of appellate counsel

---

* Judge Newman was an Associate Judge at the time of argument. His status changed to Senior Judge on March 11, 1991.

** Judge Belson was an Associate Judge of the court at the time of argument. His status changed to Senior Judge on July 24, 1991.

1. We attach a copy of the Memorandum Opinion and Judgment Order, which was filed on the same date that the case was submitted without argument, as an Appendix hereto.

2. New counsel had been appointed at Griffin's request to pursue further proceedings in this court and the Supreme Court.

which has been found by the court to *have sufficient merit* by recalling the mandate and reopening the movant's appeal in order to fully explore and then decide whether there was ineffective assistance of counsel on the first appeal." *Watson, supra,* 536 A.2d at 1061 (emphasis in original). In determining whether a showing of "sufficient merit" has been made to recall the mandate, we must address two principal issues. One is whether the performance of counsel " 'fell below an objective standard of reasonableness.' " *Id.* at 1065 (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). Stated another way, we must address "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [judicial proceedings] cannot be relied on as having produced a just result." *Strickland v. Washington, supra,* 466 U.S. at 686, 104 S.Ct. at 2064. Our other inquiry addresses prejudice, *i.e.,* "it must be established that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Watson, supra,* 536 A.2d at 1065 (quoting *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068). Both *Strickland* and *Watson* suggest that it is sometimes efficacious to address the prejudice prong first since without prejudice there can be no ineffective assistance. It is to the prejudice prong that we now turn.

On July 30, 1985, based on information reported that day by the United States, the trial court issued an Order to Show Cause, which in relevant part, reads:

Defendant, Robert Griffin, was released on personal recognizance in this case pending trial and was ordered to observe as one of the conditions of release that he stay away from the complaining witness. The government reported in open court that defendant violated said condition in that on the evening of July 29, 1985, defendant went to the apartment of the complaining witness and tried to persuade him to testify that he did not know who shot him. It is

therefore, by the Court this *30th* day of July, 1985,

ORDERED, that defendant, Robert Griffin, appear with counsel on August 2, 1985, at 2:00 p.m. to show cause why his release should not be revoked, why he should not be detained and prosecuted for contempt of court.

At the trial of the contempt charge on August 2, 1985, the United States called the complaining witness, Santos Rodas. Rodas testified that on July 29, 1985, Griffin came to his apartment and attempted to persuade Rodas to testify falsely in the pending case that Rodas did not know who shot him. Rodas further testified that Griffin stated that in return for such testimony there would be "big money" coming to Rodas after the trial and that Griffin would leave Rodas and his wife in peace thereafter.

In arguing that he should not be held in contempt, Christopher S. Howell, trial counsel for Griffin, apprised the court that based on the alleged conduct of July 29, 1985, which was the basis of the contempt proceeding, Griffin had been arrested and presented on a felony complaint charging obstruction of justice.

In arguing that Griffin should be held in contempt, the government urged:

Your Honor, only that—two things: One is that, this is not a case of someone just merely violating the Stay Away Order.

Here is a man who shot him in the back and, on the eve of trial, goes downstairs when he was specifically ordered to stay away from him.

Not only to stay away from him, but attempts to influence his testimony and tells him he is going to have big money for him when the trial is over; tells him that if he is basically good, that the victim was going to say he didn't know who shot him, and that he was concerned about his wife—what his wife would testify to.

\* \* \* \* \* \*

Quite clearly, under those circumstances, it seems to me that he went

down there for the sole purpose of trying to get this man to change his testimony and to say he didn't shoot him, and offer him money for it.

\* \* \* \* \* \*

This is not just merely a stay away, this is willful. He went there and willfully violated that order and willfully attempted to seek to influence that—the conduct of the victim.

In finding Griffin in contempt and sentencing him to thirty days' confinement, Judge Wagner found:

First, that the Court takes judicial notice of its records in this case that on January 23, 1985, the Defendant was released upon certain conditions. Among those conditions were that he was to stay away from the complaining witness.

Defendant signed that notice and was released to reappear.

The victim in this case is Mr. Santos Rodas, who appeared and testified, and the Court finds based on his testimony that he was the complaining witness in the underlying case, that he has identified the Defendant as the person who shot him.

The Court further finds that the victim, on the day before he was to come to Court for the trial in this case, was at home when the Defendant came to his home to see him.

[He] asked the [complainant] what his testimony was going to be. He further promised him that he should try to convince his wife to indicate that she didn't know who shot him, and that if she did this, that he would leave them in peace.

Additionally, he suggested to the victim that after the trial was over big money would be coming his way.

The appearance at the—of the Defendant at the door of the victim in this case in an effort to talk to him about what his testimony was going to be in this case, and trying to influence the testimony of the victim, and through the victim the testimony of his wife, shows a willful disregard of the Stay Away Order in this case.

The Court so finds beyond a reasonable doubt based on the testimony before it that the Defendant, through his conduct, was in willful violation of the Court's order....

 The record makes clear that it was the same conduct which formed the basis of the contempt conviction that formed the basis for the subsequent conviction for obstructing justice. This violates the Double Jeopardy Clause. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *United States v. Dixon, supra; see Illinois v. Vitale,* 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). Had Griffin's original appellate counsel raised this issue on appeal, he would have been entitled to relief. Thus, Griffin has not only satisfied the *Watson* requirement of a sufficient showing of prejudice to justify recalling the mandate, he has shown prejudice in the *Strickland/Watson* constitutional sense needed to establish ineffective assistance. We must thus turn to the other prong of *Watson*—has a showing of "sufficient merit" been made that appellate counsel's conduct so undermined the adversarial process that the judicial process cannot be said to have reached a just result to require recalling the mandate.

 The *Strickland/Washington* test requires that we, as a reviewing court, "assess counsel's overall performance throughout the [appeal] in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison,* 477 U.S. 365, 386, 106 S.Ct. 2574, 2589, 91 L.Ed.2d 305 (1986) (quoting *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065). While we recognize that the role of an advocate on appeal involves professional judgments on what issues and arguments to press, *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), we also remember the teachings that a single error

of counsel may constitute ineffective assistance of counsel if the error is sufficiently egregious and prejudicial. *Smith v. Murray*, 477 U.S. 527, 535, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).[3] It is within this legal framework that we evaluate the record to determine whether a showing of "sufficient merit" has been made to grant Griffin's Motion to Recall the Mandate.

Griffin was convicted of first degree burglary, assault with intent to kill while armed, carrying a pistol without a license, assault with a dangerous weapon and obstructing justice. In the Notice of Appeal, trial counsel (who requested that he not be appointed counsel on appeal), listed as issues to be presented on appeal evidentiary insufficiency, double jeopardy, and sentencing error. He requested both the trial transcript and the contempt hearing transcript. New counsel was appointed on appeal.

Counsel on appeal raised only two issues: evidentiary insufficiency as to the burglary and a contention that the assault with intent to kill while armed and the assault with a dangerous weapon were one offense for double jeopardy purposes. The first contention bordered on frivolous; the second one was frivolous. With respect to the burglary, Griffin did not contest his entry into the occupied dwelling; he argued that there was no evidence that his entry was with the intent to commit an assault therein as alleged in the indictment. The evidence was clearly sufficient to sustain the conviction and we so held. The double jeopardy claim, which appellate counsel raised, was totally devoid of merit. As the

government alleged and proved, there were separate assaults against separate persons. We so held. Counsel on appeal raised *no* issue as to the obstructing justice conviction. This in spite of the fact that the issue had been raised, briefed and argued both by trial counsel and the government on Griffin's motion in the trial court, further briefed on Griffin's motion to reconsider in the trial court, and further, in spite of the fact that trial counsel had assigned the denial of the motion as error in the Notice of Appeal, coupled with ordering the transcript of the contempt hearing. Appellate counsel's entire brief on appeal, including cover sheet and list of transcript references, totalled fifteen (15) letter size pages,[4] which contained citation to six (6) cases, none dispositive. The government's brief consisted of twelve (12) pages (including cover sheet, etc.) and cited the dispositive cases. No reply brief was filed. The case was submitted on the court's summary calendar without argument. As previously noted, we affirmed by a terse Memorandum Opinion and Judgment Order.

While the results in *Grady v. Corbin, supra,* were not foreordained, they were at least foreshadowed by *Illinois v. Vitale, supra,* and *Brown v. Ohio, supra.* As the Court stated in *Grady v. Corbin, supra,* 110 U.S. at 2090, the facts and circumstances in *Vitale* were almost exactly those in *Grady.* In *Vitale,* after noting that a second prosecution was not barred by the "elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court opined that if the new prosecution required proof of conduct that was the basis of the previous conviction, "his claim of double jeopardy would be substantial under *Brown [v. Ohio,* 432 U.S.

---

3. While *Smith v. Murray, supra,* and *Murray v. Carrier, supra,* (as well as *Kimmelman v. Morrison, supra,* which involved federal *habeas corpus* review of ineffective assistance claim in state trial court) are cases involving federal *habeas corpus* claims of ineffective assistance of counsel in state appellate proceedings, thus implicating doctrines of federalism (with which we are not concerned in this case) and finality (with which we are concerned), they provide useful guidance to us given the court's holding that ineffective assistance of counsel on appeal

will satisfy the "cause" prong of the "cause and prejudice" test adopted in those cases from *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *Murray v. Carrier, supra,* 477 U.S. at 488, 106 S.Ct. at 2645.

4. This brief was filed at a time that legal size pages were still authorized.

161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ], and our later decision in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977)." *Vitale, supra,* 447 U.S. at 420, 100 S.Ct. at 2267. In essence, *Grady v. Corbin* made explicit that what the Court "suggested" in *Vitale* is indeed the proper double jeopardy analysis in successive prosecutions such as this. And, we note that trial counsel, in his double jeopardy motion, heavily relied upon *Brown v. Ohio, supra,* in making his argument that a "facts" analysis was required as well as the *Blockburger* "elements" analysis.

After assessing counsel's overall performance, giving full weight to the presumption that counsel gave reasonable professional assistance, we conclude that Griffin has *at least* fully met his burden of showing "sufficient merit" with respect to the first prong of the *Strickland/Watson* test. Thus, we recall our mandate. The parties are directed to file such further briefs, if any, as each desires, addressed to the issue of deficient performance of counsel. Griffin shall have thirty days from the date of this opinion to file any briefing he desires. The United States shall have thirty days from the filing of Griffin's brief (or notice to the court of his intention not to file further brief) to file its brief. Griffin shall have fifteen days from the filing of the United States' brief (if any is filed) to file a reply brief (whether or not he has filed a previous brief).

*So ordered.*

BELSON, Senior Judge, concurring:

I agree that appellant's motion to recall the mandate should be granted. In view, however, of the discussion of stay away orders and crimes that may be charged upon their violation set forth in this court's

*en banc* opinion in *United States v. Dixon,* 598 A.2d 724, 732–733 (D.C.1991), I think it appropriate that the court's invitation to the parties to submit further briefing should be extended to the prejudice prong of the *Strickland/Watson*[5] test instead of being limited to the issue of deficient performance of counsel.

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS

No. 86–1512

ROBERT L. GRIFFIN, Appellant,

v.

UNITED STATES, Appellee.

Appeal from the Superior Court of the District of Columbia Criminal Division CR F–527–85

(Hon. Henry H. Kennedy, Jr., Trial Judge)

(Submitted July 12, 1988

(Decided July 12, 1988)

Before NEWMAN and BELSON, Associate Judges, and GALLAGHER, Senior Judge.

### MEMORANDUM OPINION AND JUDGMENT

Griffin contends that the evidence is insufficient to sustain his burglary conviction, and that the court erred in sentencing him. We affirm.

The evidence in its light most favorable to the government is set forth in its brief; we incorporate the same by reference. The evidence was sufficient to prove Burglary I. *See generally Massey v. United States,*

5. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Watson v. United States,* 536 A.2d 1056 (D.C.1987) (en banc), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988).

320 A.2d 296 (D.C.1974). The facts of this case are distinguishable from those in *Shelton v. United States*, 505 A.2d 767 (D.C.1987), on which Griffin relies. There was no sentencing error. There were separate assault-type offenses against two separate victims. *See Davis v. United States*, 498 A.2d 242 (D.C.1985). Accordingly, it is

ORDERED and ADJUDGED that the judgment appealed from be, and it hereby is, affirmed.

FOR THE COURT:

/s/ .

Richard B. Hoffman
Clerk